UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HABAKKUK JOSHUA PAIGE,

        Petitioner,

v.                                          CASE NO. 06-13771
                                            HONORABLE PAUL V. GADOLA

LINDA M. METRISH,

        Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE HABEAS PETITION WITH PREJUDICE

Petitioner Habakkuk Joshua Paige has filed a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for one count of first-degree criminal sexual conduct. Respondent Linda M. Metrish argues through counsel in a Motion to Dismiss the Habeas Petition that Petitioner failed to comply with the statute of limitations. The Court agrees. Accordingly, Respondent's motion will be granted and the habeas petition will be dismissed with prejudice.

### I. Background

On July 25, 2003, Petitioner was convicted in Macomb County, Michigan of one count of first degree criminal sexual conduct. *See* Mich. Comp. Laws § 750.520b(1)(f) (sexual penetration using force or coercion and causing personal injury). On September 4, 2003, the trial court sentenced Petitioner as a habitual offender to imprisonment for fourteen to forty years, and on February 10, 2005, the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished decision. *See People v. Paige*, No. 250928 (Mich. Ct. App. Feb. 10, 2005). Petitioner

applied for leave to appeal in the Michigan Supreme Court, but the state supreme court rejected his pleading on August 3, 2005, because it was not received within fifty-six days of the lower court's decision, as required by Michigan Court Rule 7.302(C)(2).

Petitioner signed and dated his habeas corpus petition on August 20, 2006. The grounds for relief read:

> I. The sufficiency of Defendant's conviction (verdict) against the great weight of the evidence and the trial court reversibly erred in denying his motion on that basis.
>
> II. Defendant's conviction of first-degree criminal sexual conduct (CSC 1) based on personal injury must be reversed where there was insufficient evidence as a matter of law to sustain that conviction. Defendant Paige was denied federal and state due process and trial.
>
> III. Defendant Paige was denied his Sixth Amendment right to confrontation and his state and federal due process rights to a fair trial and to present a defense where the trial court excluded evidence offered of the complain[ant's] having admitted/stated to the sexual assault nurse that she had consensual sex/intercourse (with a third person or defendant?) within the 96 hours prior to having her examination of the complainant.
>
> IV. Defendant was denied fundamental due process and a fair trial by each individual error noted and/or the cumulative effect of such errors.
>
> V. Defendant is entitled to resentencing because the sentencing judge increased the statutory sentencing guidelines range and sentence[d] him in this case based on facts which were not proved to a jury beyond a reasonable doubt, in violation of *Blakely v. Washington*, 524 U.S. [296] (2004).

## II. Discussion

## A. The Statute of Limitations

Respondent maintains in her Motion to Dismiss the Habeas Petition that Petitioner's claims are barred from substantive review by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not asserting that a state-created impediment prevented him from filing his habeas petition sooner, and he is not relying on a new constitutional right, or newly discovered evidence. Therefore, subsection 2244(d)(1)(A) is the only relevant subsection here.

Petitioner's conviction became final under subsection 2244(d)(1)(A) on April 7, 2005, when the deadline for seeking review in the Michigan Supreme Court expired, and his direct appeal came to an end. *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.). The statute of limitations began to run on the following day, and it expired on April 7, 2006. Petitioner signed his habeas petition over four months later on August 20, 2006. Therefore, the habeas petition is untimely, absent tolling, because it was filed more than one year after Petitioner's conviction

became final. *See* 28 U.S.C. § 2244(d).

## B. Equitable Tolling

Equitable tolling applies to the one-year limitations period for habeas petitions, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When deciding whether equitable tolling is appropriate, courts in this Circuit must consider and balance the factors set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrew* factors are:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and although Plaintiff actively pursued relief in state court, he has not alleged that he was ignorant of, or lacked notice or constructive knowledge of, the filing requirement. He argues in favor of equitable tolling due to "excusable neglect." Specifically, he claims that he mailed his application for leave to appeal in the Michigan Supreme Court to the wrong address. He mailed the application to the Michigan

4

Court of Appeals instead of the Michigan Supreme Court "because he didn't know where else to mail [it]." *See* Answer to Mot. to Dismiss at 2.

Exhibits to the Habeas Petition confirm that Petitioner submitted legal mail to correctional staff on March 31, 2005. The item was addressed to the Chief Clerk of the Michigan Court of Appeals. It was posted by a correctional official on April 1, 2005, and probably would have reached the Michigan Supreme Court by the deadline of April 7, 2005, if Petitioner had used the correct address.

On June 15, 2005, Petitioner apparently wrote to the Michigan Court of Appeals regarding the status of his application for leave to appeal in the Michigan Supreme Court. An assistant clerk of court responded to Petitioner in a letter dated June 21, 2005, stating that the court of appeals did not receive any documents intended for the state supreme court and that the court of appeals would have no knowledge of Petitioner's attempt to file an application for leave to appeal with the supreme court. On July 29, 2005, Petitioner re-submitted his application for leave to appeal in the Michigan Supreme Court. The application was received in the Michigan Supreme Court on August 2, 2005, but returned as untimely on August 3, 2005.

The facts as alleged do not support equitable tolling of the limitations period for the time that Petitioner was attempting to file an appeal in the Michigan Supreme Court. The principles of equitable tolling do not extend to allegations of "excusable neglect," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and a *pro se* litigant's ignorance is not a basis for equitable tolling. *See Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991) (stating that "ignorance of the law alone is not sufficient to warrant equitable tolling"). Although a statute of limitations may be tolled when the plaintiff filed his pleading in a court that had jurisdiction, but was simply the wrong venue,

5

*Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428 (1965); *Herb v. Pitcairn*, 325 U.S. 77, 78 (1945), "the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations." *Fox v. Eaton Corp.*, 615 F.2d 716, 719 (6th Cir. 1980). Petitioner filed his state supreme court application for leave to appeal in the Michigan Court of Appeals, which clearly lacked jurisdiction to review its own decision. *See* Mich. Ct. R. 7.203 (setting forth grounds for the court's jurisdiction). When the state court of appeals lacks jurisdiction, it apparently dismisses the appeal, as opposed to transferring the case to a court with jurisdiction. *See* Mich. Ct. R. 7.203(F) (authorizing the dismissal of an appeal for lack of jurisdiction).

This is not a case where the petitioner was misled about the proper forum for his appeal. *Cf. Spottsville v. Terry*, 476 F.3d 1241, 1242 (11th Cir. 2007). Petitioner admits that his untimely application in the Michigan Supreme Court was his own mistake and that he did not know where to file the application. His ignorance of the proper address for the Michigan Supreme Court is not a basis for tolling the limitations period where he could have obtained the necessary information with due diligence. *Cf. Dixon v. Gonzales*, 481 F.3d 324, 332 (6th Cir. 2007) (stating that "[e]quitable tolling 'permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.'") (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)).

In conclusion, Petitioner's ignorance of the proper address for the Michigan Supreme Court was not an extraordinary circumstance entitling him to equitable tolling for the time that it took him to file his appeal in the Michigan Supreme Court. The error was "no more extraordinary than mere attorney negligence; the error was both within [Petitioner's] control and avoidable by him with even

minimal diligence. Either of these facts alone is sufficient to defeat equitable tolling." *Hill v. Jones*, 242 Fed. Appx. 633, 636 (11th Cir. 2007) (unpublished).

### III. Conclusion

Review of Petitioner's claims is barred by Petitioner's failure to comply with the statute of limitations. Accordingly,

**IT IS ORDERED AND ADJUDGED** that Respondent's Motion to Dismiss is **GRANTED**, and the Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice.

**SO ORDERED.**

Dated:   January 17, 2008                               s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 17, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                          Laura A. Cook                                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Habakkuk Paige                                .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845